IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------X
HEATHER VARGAS, Individually and
On Behalf of All Other Persons Similarly Situated,

Plaintiff,

-against-

PETCO ANIMAL SUPPLIES, INC.;
PETCO HOLDINGS, INC.

Defendants.
---------------------------------------------------------------X

Case No.: _____

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION

Plaintiff HEATHER VARGAS, individually and on behalf of all others similarly situated, files this Class Action Complaint against Defendants PETCO ANIMAL SUPPLIES STORES, INC. and PETCO HOLDINGS, INC. ("Defendants" or "Petco"), seeking all available relief under the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.2, *et. seq.*, §§ 34:11-56a, *et seq.*, and §§ 12:56-6.1, *et. seq.* ("NJWHL"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff brings this action under the NJWHL pursuant to Fed. R. Civ. P. 23 on behalf of all Assistant Managers ("AMs") and other employees holding comparable positions with different titles employed by Defendants at their stores within New Jersey (the "New Jersey Class"). Defendants violated New Jersey law by failing to pay AMs for all hours worked, failing to pay AMs overtime on a timely basis, and failing to pay AMs the legally required

amount of overtime compensation required by law for all hours worked over 40 in a workweek. Plaintiff and the New Jersey Class are entitled to unpaid wages from Defendants for all hours worked by them, as well as unpaid overtime wages for hours worked over 40 in a workweek, and are entitled to treble and liquidated damages pursuant to the NJWHL.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because the Parties are citizens of different states and because the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court has jurisdiction over the claims of the New Jersey Class Members under 28 U.S.C. § 1332(a) and/or 28 U.S.C. § 1367.

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA"). The amount in controversy exceeds $5,000,000, exclusive of interest and costs. There is minimal diversity because at least one member of the class is a citizen of a state different from Defendant.

4. The class claims involve matters of national or interstate interest.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. Upon information and belief, Defendant regularly conducts business in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*Plaintiff*

8. Plaintiff was, at all relevant times, an adult individual over the age of eighteen (18), residing in New Jersey.

9. Plaintiff was employed by Defendants from approximately from March 31, 2013 through October 24, 2015, as an AM at Defendants' store located in Phillipsburg, New Jersey.

10. While employed as an AM, Plaintiff regularly worked in excess of 40 hours per workweek, without receiving overtime compensation as required by state law. For example, during the week of November 30, 2015 Plaintiff worked more than 40 hours.

***Defendants:*** *Petco Animal Supplies, Inc. and Petco Holdings, Inc.*

11. Upon information and belief, Defendant Petco Animal Supplies, Inc. is a Delaware corporation with its principal places of business at 9125 Rehco Road, San Diego, California. According to its website, Petco Animal Supplies, Inc. is a privately held company with more than 1,150 specialty retail stores nationwide, selling pet food, live animals, pet supplies and related goods and services.

12. Upon information and belief, Defendant Petco Holdings, Inc. is a Delaware corporation with its principal place of business at 9125 Rehco Road, San Diego, California.

13. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. were and are doing business in California, including at their retail locations throughout the State of California.

14. At all relevant times, Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. have employed Plaintiff and the New Jersey Class Members within the meaning of New Jersey law.

15. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. are each covered employers within the meaning of the NJWHL.

16. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. employed employees (including Plaintiff and the New Jersey Class Members) who were engaged in commerce or the production of goods for commerce.

17. Upon information and belief, Defendant Petco Animal Supplies, Inc. and Defendant Petco Holdings, Inc. each had annual gross revenues in excess of $500,000 for all relevant periods herein.

18. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employees within the meaning of New Jersey law, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiff and the New Jersey Class Members to be subject to the unlawful pay practices described in this Complaint.

19. Defendants issued paychecks to Plaintiff and all similarly situated employees during their employment.

20. Defendants directed the work of Plaintiff and similarly situated employees, and benefited from work performed that Defendants suffered or permitted from them.

21. Plaintiff and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by New Jersey law.

22. Pursuant to Defendants' policy, pattern and/or practice, Defendants did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

**FACTUAL ALLEGATIONS**

23. Defendants employed Plaintiff and the New Jersey Class Members as AMs.

24. Defendants maintain control, oversight, and discretion over the operation of their retail stores, including their employment practices with respect to Plaintiff and the New Jersey Class Members.

25. Plaintiff's and the New Jersey Class Members' work as AMs was performed in the normal course of Defendants' business and was integrated into it.

26. Consistent with Defendants' policy, pattern and/or practice, Plaintiff and the New Jersey Class Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the NJWHL.

27. The number of shifts that Plaintiff and each individual New Jersey Class Member worked per week can be ascertained from Defendants' records.

28. Defendants have assigned and are aware of all of the work that Plaintiff and the New Jersey Class Members have performed.

29. The work performed for Defendants by Plaintiff and the New Jersey Class Members required little skill and no capital investment, nor did said work include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

30. Plaintiff and the New Jersey Class Members performed the same primary job duties: working the cash registers, stocking shelves, cleaning and straightening the store, assisting customers, organizing the store according to detailed corporate directives called planograms, unpacking merchandise, unloading trucks, and caring for pets, including cleaning pet cages.

31. Throughout the New Jersey Class Period, and continuing to the present, the primary job duties of Plaintiff and the New Jersey Class Members did not include hiring, firing, disciplining, or directing the work of other employees, or exercising meaningful independent judgment or discretion.

32. The primary job duties of Plaintiff and the New Jersey Class Members did not materially differ from the duties of Defendants' non-exempt hourly paid employees. Their primary duties were manual in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's and New Jersey Class Members' working hours.

33. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Plaintiff and the New Jersey Class Members as exempt from coverage of the overtime provisions of the NJWHL.

34. Upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of Plaintiff and the New Jersey Class Members when making the decision to classify all of them uniformly as exempt from the overtime protections of the NJWHL.

35. Defendants established labor budgets to cover labor costs for the stores in which Plaintiff and the New Jersey Class Members worked. Defendants did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each store. Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiff and New Jersey Class Members (who were not paid overtime) to work more than 40 hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime

compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

36. Defendants acted willfully and knew, by virtue of the fact that their General Managers and District Managers (as their authorized agents) actually saw Plaintiff and other similarly situated AMs perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

37. As an experienced and practical retailer operating over 1,150 stores throughout the country, Defendants were aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff and other similarly situated AMs were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any overtime exemption under the NJWHL. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the NJWHL, they, accordingly, acted willfully or recklessly in failing to classify Plaintiff and other similarly situated AMs as non-exempt employees.

38. Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the overtime law of New Jersey.

39. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the NJWHL with respect to Plaintiff and the New Jersey Class Members. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiff

and the New Jersey Class Members were and have been performing, and that, as a result, Defendants have been:

      a. willfully misclassifying Plaintiff and the New Jersey Class Members as exempt from the overtime requirements of the NJWHL;

      b. willfully failing to pay Plaintiff and the New Jersey Class Members overtime wages for hours they worked in excess of 40 hours per week; and

      c. willfully failing to provide enough money in their store-level labor budgets for Defendants' non-exempt employees to perform their duties and responsibilities, thereby forcing Defendants' exempt AMs to perform such non-exempt tasks.

40. Defendants' willful violations of the NJWHL are further demonstrated by the fact that throughout the Collective Action Period and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiff and the New Jersey Class Members. Defendants acted recklessly or in willful disregard of the NJWHL by instituting a policy and/or practice that did not allow Plaintiff and the New Jersey Class Members to record all hours worked.

41. Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiff and the New Jersey Class Members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## CLASS ALLEGATIONS

42. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff seeks to prosecute her claims under the NJWHL, on behalf of all persons who are or were formerly employed by Defendants as AMs at any time from two years from the date this Complaint is filed, to the entry of judgment in this case (the "Class Period").

43. Defendants violated the NJWHL by failing to properly pay overtime wages to Plaintiff and other New Jersey Class Members for all hours in which they worked over 40 in a given workweek.

44. Members of the New Jersey Class are similarly situated because they all perform the same basic duties and assignments, and are all subject to Defendants' common policy and practice, implemented throughout New Jersey, of classifying AMs as exempt from the provisions of the NJWHL.

45. The New Jersey Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Upon information and belief, there are at least 50 members of the New Jersey Class.

46. Plaintiff's claims are typical of the claims of the members of the New Jersey Class. Plaintiff has the same interests in this matter as all other members of the New Jersey Class.

47. Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

48. Class certification of Plaintiff's New Jersey claims are appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the New Jersey Class, making declaratory and injunctive relief appropriate with respect to the New Jersey Class as a whole. Members of the New Jersey Class are entitled to

injunctive relief to end Defendants' common and uniform policy and practice of denying the New Jersey Class the wages to which they are entitled.

49. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

50. Class certification of Plaintiff's New Jersey claims are also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey Class predominate over questions affecting only individual members of the New Jersey Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

51. The critical question of law and fact common to Plaintiff and the New Jersey Class that will materially advance the litigation is whether Defendants are required by the NJWHL to pay Plaintiff and the New Jersey Class at a rate of 1.5 times its regular hourly rate for hours worked in excess of 40 hours per workweek.

52. Other questions of law and fact common to the New Jersey Class that will materially advance the litigation include, without limitation:

  a. Whether Defendants employed Plaintiff and members of the New Jersey Class within the meaning of the NJWHL;

  b. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

  c. Whether Defendants failed and/or refused to pay Plaintiff and members of the New Jersey Class their wages within six days of the termination of the pay period during which the wages were earned;

    d.    Whether Defendants failed to pay Plaintiff and members of the New Jersey Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the NJWHL;

    e.    Whether Defendants are liable for all damages claimed by Plaintiff and the New Jersey Class, including, without limitation, compensatory, punitive, and statutory damages, interest, costs and disbursements, and attorneys' fees; and

    f.    Whether Defendants should be enjoined from continuing to violate the NJWHL in the future.

## FIRST CAUSE OF ACTION:
## NEW JERSEY WAGE AND HOUR LAW: UNPAID OVERTIME WAGES
### (Brought on Behalf of Plaintiff and All New Jersey Class Members)

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as if they were set forth again herein.

54. At all relevant times, Plaintiff and the New Jersey Class Members were employed by Defendants within the meaning of the NJWHL, and Defendant were employers within the meaning of NJWHL.

55. The overtime wage provisions of the NJWHL and its supporting regulations apply to Defendants.

56. Defendants willfully violated Plaintiff's rights and the rights of the New Jersey Class by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the NJWHL and its regulations.

57. As a result of Defendants' policy and/or practice to minimize labor costs by providing its stores with an underfunded labor budget, Defendant willfully caused Plaintiffs and the New Jersey Class Members to perform primarily manual labor and non-exempt tasks.

58. Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the limited labor budgets on the job duties of Plaintiffs and the New Jersey Class Members, Defendants' actual knowledge, through its Store Managers and District Managers, that the primary duties of Plaintiffs and Class Members were manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiffs' and the New Jersey Class Members' job duties to ensure that they were performing exempt job duties, Defendants instituting a policy and practice that did not allow Plaintiffs to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the NJWHL.

59. As a result of Defendants' willful violations of the NJWHL, Plaintiff and the New Jersey Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to NJWHL § 34:11-56a25.

60. Defendants' NJWHL violations have caused Plaintiff and the New Jersey Class irreparable harm for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the New Jersey Class Action Members are entitled to and pray for the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (3) on behalf of the members of the New Jersey Class and appointing Plaintiff and her counsel to represent the New Jersey Class;

b. A declaratory judgment that the practices complained of herein are unlawful under the NJWHL;

c. An injunction requiring Defendants to cease their unlawful practices under, and comply with, the NJWHL;

d. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the NJWHL;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the NJWHL;

f. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g. An award of prejudgment and post-judgment interest;

    h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiffs;

    i.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

| | |
|---|---|
| Dated: April 6, 2017 | By: /s/ Seth R. Lesser <br> Seth R. Lesser <br> Fran L. Rudich* <br> Michael H. Reed <br> KLAFTER OLSEN & LESSER LLP <br> Two International Drive, Suite 350 <br> Rye Brook, NY 10573 <br> Telephone: (914) 934-9200 <br> Facsimile: (914) 934-9220 <br> www.klafterolsen.com <br><br> Marc S. Hepworth* <br> David A. Roth* <br> Charles Gershbaum* <br> Rebecca S. Predovan* <br> HEPWORTH GERSHBAUM & ROTH, PLLC <br> 192 Lexington Avenue, Suite 802 <br> New York, NY 10016 <br> Telephone: (212) 545-1199 <br> Facsimile: (212) 532-3801 <br> www.hgrlawyers.com <br><br> *Attorneys for Plaintiff and the New Jersey Class* |

*to seek admission *pro hac vice*